UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL PERRY OSWALD,

                 Plaintiff,

v.                                                               Case No. 16-cv-991-pp

JEFFREY MANLOVE, et al.,

                 Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S REQUEST TO SUBSTITUTE NAMES FOR DOE PLACEHOLDERS (DKT. NO. 60) AND GRANTING DEFENDANTS' MOTION TO RESET DISCOVERY AND DISPOSITIVE MOTION DEADLINES (DKT. NO. 63)**

---

On November 23, 2016, the court allowed the plaintiff to proceed on deliberate indifference claims against unidentified defendants. Dkt. No. 27. The court ordered the plaintiff to use discovery to identify the real names of the defendants, and instructed him to file a motion to substitute the real names for the Doe placeholders once he learned their names.

On May 23, 2017, the plaintiff filed a motion asking, in part, that the court substitute Jesse Laning, Carol Al-Rahrawy, and Nurse Westphal for defendant Jane Doe #1, and J. Bleder, E. Marwitz, M. Moore, and J. Beahm for John Doe. Dkt. No. 60. The plaintiff explained in his motion that all three nurses were responsible for entering prescriptions during the time he was waiting for someone to change his prescription for migraines. The plaintiff also explains that a different correctional officer made each of the denials for linens, clothes, or adult diapers after he wet his bed. In light of these explanations, the

1

court will grant the plaintiff's motion to substitute the names he provided for the Doe placeholders.

In the same motion, the plaintiff asked the court to send him a copy of his amended complaint. Dkt. No. 60 at 1. It is not clear why the plaintiff needs the copy. Absent extraordinary circumstances, the court does not provide parties with copies free of charge. The court instructs parties to keep copies of every document they file; if they fail to do so, they must pay $0.10 per page to obtain a copy. The plaintiff indicates that he is indigent, but nearly all prisoners (and many others) who file complaints are indigent, so this is an insufficient reason on its own for the court to provide a free copy to the plaintiff. Because the plaintiff has failed to provide a compelling reason as to why the court should depart from its general policy of requiring payment for all copies, the court will deny the plaintiff's request. The plaintiff's amended complaint is seventeen pages long, which means he needs to send the court $1.70 before the court will send him a copy.

The plaintiff also asks the court to require the defendants to provide him with a copy of his medical documents on a computer disc and to compel the defendants to provide him with certain documents. Id. at 2-3. The court already has addressed similar requests in its May 23, 2017 order. Dkt. No. 59. (The court entered the May 23 order the day before the court received this current motion, so it is likely that the plaintiff had not received or read the May 23 order before he mailed this motion.) As the court noted in the May 23 order, the court will not require the defendants to pay for the plaintiff's discovery

costs when he has access to the documents he wants through his institution. In addition, the local rules require that before a party asks the court to order the other side to turn over discovery, that party first make his requests directly to opposing counsel. The plaintiff should write a letter to opposing counsel, stating clearly what he wants and why. The court anticipates that the parties will be able to work out many of their disputes this way, without court involvement.

Finally, the plaintiff indicates that if the defendants object to anything he asks for, the court should appoint a lawyer to represent him. The court repeatedly has denied the plaintiff's request for an attorney. Dkt. Nos. 27, 48, 59. Nothing has changed since the plaintiff made those requests; the court has no reason to reconsider its decision.

On June 9, 2017, the defendants filed a motion asking the court to reset the discovery and dispositive motion deadlines in light of the newly identified defendants. Dkt. No. 63. The court will grant that motion. To allow the plaintiff sufficient time to obtain discovery from the newly identified defendants, the court will set a new discovery deadline of **September 29, 2017**. If the parties want to file dispositive motions, they must do so by **October 30, 2017**.

The court **GRANTS** the plaintiff's request to substitute the defendants' real names for the Doe placeholders. Dkt. No. 60. The court **DENIES** the remaining requests in the plaintiff's motion. Dkt. No. 60.

The court **ORDERS** that the clerk of court shall substitute Jesse Laning, Carol Al-Rahrawy, and Nurse Westphal for defendant Jane Doe #1, and J. Bleder, E. Marwitz, M. Moore, and J. Beahm for John Doe.

The court **ORDERS** that, under an informal service agreement between the Wisconsin Department of Justice and this court, today the court will electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on Jesse Laning, Carol Al-Rahrawy, Nurse Westphal, J. Bleder, E. Marwitz, M. Moore, and J. Beahm.

The court also **ORDERS** that, under the informal service agreement between the Wisconsin Department of Justice and this court, defendants Jesse Laning, Carol Al-Rahrawy, Nurse Westphal, J. Bleder, E. Marwitz, M. Moore, and J. Beahm shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

Finally, the court **GRANTS** the defendants' motion to reset the discovery and dispositive motion deadlines, dkt. no. 63, and **EXTENDS** the discovery deadline to **September 29, 2017** and the dispositive motion deadlines to **October 30, 2017**.

Dated in Milwaukee, Wisconsin this 12th day of June, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER
United States District Judge**