UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

DANIEL PERRY OSWALD,

                 Plaintiff,

v.                                                      Case No. 16-cv-991-pp

JEFFREY MANLOVE, et al.,

                 Defendants.
_____

**DECISION AND ORDER DENYING THE PLAINTIFF'S REQUEST TO MAIL DISCOVERY REQUESTS AND RESPONES TO THE COURT INSTEAD OF TO THE DEFENDANTS' COUNSEL (DKT NO. 65), DENYING PLAINTIFF'S MOTION TO PRODUCE DOCUMENTS (DKT. NO. 78), AND DENYING PLAINTIFF'S REQUEST TO PRODUCE DOCUMENTS (DKT. NO. 79)**
_____

On June 16, 2017, the court received from the plaintiff a document he titled, "Plaintiff's Motion to Have the Defendants Produce all Documents and Information in Compliance with Federal Rule of Civil Procedure 26(a)(1), 26(a)(2) and 26(a)(3)." Dkt. No. 65. For the most part, this document contains the plaintiff's requests that the *defendants* produce information and documents (discovery).

In the final paragraph, however, the plaintiff requests that the court allow him to send only one copy of any document (motions, requests, or other filings) to the court, which he proposes the court will then distribute to the defendants. Id. at ¶5. The plaintiff explains that he is indigent, and that he does not have the money to mail copies directly to the defendants. Id. at 2.

1

In the court's February 2, 2017 scheduling order, the court instructed the plaintiff to send all correspondence and case filings to the court. Dkt. No. 37. The court explained that, because the clerk of court will electronically scan and enter each filing on the docket, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. So there is no need for the plaintiff to ask the court for permission to file motions, requests and other pleadings with the court—that already is the procedure that the court uses.

Under Fed. R. Civ. Pro. 5(d)(1), the parties must serve *discovery requests and responses* directly on the opposing party, and must *not* file them with the court unless and until a party wishes to use them to support a motion or other pleading, or unless the court orders a party to file them. The plaintiff states that he is indigent, which is why he wants to send *all* documents (including discovery requests and responses) to the court. The plaintiff currently is incarcerated at Kettle Moraine Correctional Institution, which does not participate in the court's E-Filing Program. This means that the plaintiff must pay postage to mail discovery requests and responses to the court. Mailing discovery requests and responses to the defendants (all of whom are represented by one lawyer) will cost the same as mailing discovery requests and responses to the court. The plaintiff should use his postage money to mail discovery requests, and discovery responses, to the defendants. He should not send those to the court at all.

Perhaps the plaintiff misunderstood the court's scheduling order and believed that he needed to mail a copy of his discovery requests and responses to both the court and the defendants' counsel. That is not the case: discovery requests and responses should be mailed *only* to the defendants' counsel. The court does not need copies of discovery requests and responses, because the rules contemplate that the parties will engage in discovery without the court's involvement.

Sending discovery requests and responses to the court bogs down the court, because the court must read each document to determine whether the plaintiff is asking *the court* to do something. For example, on June 23, 2017, the court received from the plaintiff two documents titled, "Plaintiff's Motion for Production of Documents." Dkt. No. 78. These filings asked the *defendants* to produce documents. They did not ask the court to do anything, yet the court had to review each filing and determine what it was that the plaintiff was asking it to do. In addition, because the plaintiff styled the documents as motions, the court is required to rule on them, but because the documents don't ask the court to do anything, there is nothing for the court to rule on. The court will deny both "motions."

The plaintiff filed twenty-one discovery related documents between June 16 and June 26, 2017. None of those should have been filed with the court. The court will not require the plaintiff to re-mail these documents to the defendants' counsel; going forward, however, the plaintiff must comply with Fed. R. Civ. P. 5(d)(1) and mail all of his discovery requests and responses

3

directly to the defendants' counsel. The plaintiff should file discovery requests or responses with the court *only* if they are relevant to a motion or a response to a motion asking the court to do something.

If at some point, the plaintiff is transferred to an institution that participates in the E-Filing Program, the plaintiff may renew his request that he be allowed to serve his discovery requests and responses on the defendants by submitting those documents to the court (the documents will then be distributed to the defendants via the court's electronic case filing system).

In short, the court **DENIES** the plaintiff's request to serve his discovery requests and responses on the defendants by mailing such requests and responses to the court. Dkt. No. 65. The court **ORDERS** that the plaintiff need not mail to the defendants' counsel the discovery requests he sent to the court between June 16 and June 26, 2017. The court **ORDERS** that the defendants should consider service to have been completed on the dates those requests were docketed. If the defendants need additional time to respond, the court expects that the parties will work together in good faith to agree to an extension.

The court **DENIES** the plaintiff's motions to produce documents, because the plaintiff does not ask the court for any relief. Dkt. Nos. 78 and 79.

Dated in Milwaukee, Wisconsin this 5th day of July, 2017.

                                  **BY THE COURT:**

                                  _____
                                  **HON. PAMELA PEPPER**
                                  **United States District Judge**