UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL PERRY OSWALD,

                Plaintiff,

v.                                                Case No. 16-cv-991-pp

JEFFREY MANLOVE, *et al.*,

                Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 119) AND DENYING WITHOUT PREJUDICE THE STATE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 97)**

---

The plaintiff has filed a motion for preliminary injunction, dkt. no. 119, and defendants Al-Rahrawy, Beahm, Bleder, DeYoung, Manlove, Marwitz, Moore, Schrubbe and Westphal (the State Defendants) have filed a motion for summary judgment, dkt. no. 97. This order addresses those motions.

I.    **The Plaintiff's Motion for Preliminary Injunction**

On December 14, 2017, the plaintiff filed a motion for preliminary injunction. Dkt. No. 119. He asks the court to order the institution where he is currently housed to deduct only 25% of his income (instead of the 50% the institution now takes out) to pay off the judgment entered against him in 2001[1]. He also asks the court to order the institution to refund to him 25% of all the deductions it has taken since he started working at the institution. In

---

[1] The plaintiff's motion did not explain why the institution was taking money out of his trust account. It was the defendants who explained that the money was being taken out to pay a judgment entered in 2001. Dkt. No. 121 at 1.

support of this request, the plaintiff indicates that due to the deductions, he does not have money he needs to make copies, buy postage and pay other expenses for this federal case. Id. at 2.

A preliminary injunction is "an extraordinary remedy" that a court may grant only on a "clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008). A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying case. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."); Neuroscience, Inc. v. Forrest, No. 12-cv-813-bbc, 2013 WL 6331348, at *1 (W.D. Wis. Dec. 5, 2013) (denying motion for preliminary injunction because it raised issues outside scope of complaint).

The plaintiff alleged in his amended complaint that the defendants were deliberately indifferent to his serious medical needs and that the conditions of his confinement violated the Constitution. Dkt. Nos. 27, 28. The issues the plaintiff raises in the motion for injunctive relief—that he does not have enough money to pay expenses in this case because of the amount the institution deducts to pay a court-ordered judgment—are not related to the allegations in his complaint, nor do they involve the defendants in this case. Because the plaintiff has not established a connection between the injury claimed in his motion and the conduct alleged in his amended complaint, the court will deny his motion for preliminary injunction.

## II. The State Defendants' Motion for Summary Judgment

On June 12, 2017, the court granted the plaintiff's motion to substitute Jesse Laning, Carol Al-Tahrawy and Tammy Westphal for the Jane Doe #1 placeholder in his amended complaint, and to substitute Josh Bleiler, Erik Marwitz, Micah Moore and Joseph Beahm for the John Doe placeholder. Dkt. No. 64 at 1-2. Under the informal service agreement between the Wisconsin Department of Justice (DOJ) and the court, the court sent electronic copies of the plaintiff's amended complaint to the DOJ for service on the newly identified defendants. Id. at 4.

On August 7, 2017, the DOJ filed an answer to the plaintiff's amended complaint on behalf of defendants Schrubbe, DeYoung, Bleiler, Marwitz, Price, Schmidt, Moore, Beahm, Al-Tahrawy and Westphal.

On November 6, 2017, the State Defendants filed a motion for summary judgment. Dkt. No. 97. That motion is now fully briefed. In considering the State Defendants' motion, the court noticed, for the first time, that the DOJ had not answered on behalf of defendant Jesse Laning. After some investigation by court staff, the court learned that the DOJ is not representing Laning because he was an independent contractor, not a Department of Corrections employee. The consequence is that Laning has not yet been served with the plaintiff's amended complaint.

In the interest of efficiency, the court will dismiss the State Defendants' motion for summary judgment without prejudice. It will order the Marshals to serve the amended complaint on Laning. Once Laning responds to the

amended complaint, the court will set a discovery deadline *for Laning only* and a dispositive motion deadline for the parties. Consistent with the new dispositive motion deadline, the State Defendants may refile their summary judgment motion, the plaintiff may refile his response and the State Defendants may refile their reply.

The court stresses that it is not reopening discovery as to the State Defendants, nor is it giving the State Defendants an opportunity to revise their motion for summary judgment or the plaintiff an opportunity to revise his response. While it was the court's failure to recognize that Laning had not answered that caused this confusion, the confusion is not a basis for the parties to get a second bite at the apple. The only reason the court is taking this approach is so that Laning can catch up and be on the same track as other parties. If, when the time comes for filing dispositive motions, either the State Defendants or the plaintiff want to revise a previously filed brief, the party must file a motion asking the court for permission to revise the previously filed brief. The motion must identify the proposed revisions and explain why the proposed revisions were not included in the original brief.

**III. Conclusion**

The court **DENIES** the plaintiff's motion for preliminary injunction. Dkt. No. 119.

The court **DENIES WITHOUT PREJUDICE** the State Defendants' Motion for Summary Judgment. Dkt. No. 97. The court **ORDERS** that the State

4

Defendants may refile their motion consistent with the revised dispositive motion deadline that the court will set at a later date.

The court **ORDERS** the United States Marshal to serve a copy of the plaintiff's amended complaint (dkt. no. 28), the court's screening order (dkt. no. 27) and this order on defendant Jesse Laning pursuant to Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendant Laning to file a responsive pleading to the complaint.

Dated in Milwaukee, Wisconsin this 19th day of March, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

5